UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

ANDREW PANDIS,

                      Plaintiff,

          - against -

THE CITY OF NEW YORK, DETECTIVE DOMENICO SARTORI, POLICE OFFICER EUNHA KIM, POLICE OFFICER TATIANA VIRZI, and "JOHN DOES 1-5", persons employed by the New York City Police Department,

                      Defendants.

-------------------------------------------------------------- x

**AMENDED COMPLAINT**

Civil Action:

16-CV-476 (NG) (ST)

Plaintiff, ANDREW PANDIS, by and through his undersigned attorney, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff ANDREW PANDIS (hereinafter "Plaintiff") brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and the rights secured by the Constitution of the State of New York, Article I, Sections 6 and 12, and by the common law of the State of New York.

## JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331.

3.      Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any and all state constitutional and state law claims as such claims are so related to claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

4.      Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## JURY DEMAND

5.      Plaintiff demands a trial by jury in this action on each and every claim pleaded herein pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff is a citizen of the United States, and who is presently, and was at all times relevant to this action, domiciled in the City and State of New York.

7.      Defendant CITY OF NEW YORK (hereinafter "NYC") is a municipal entity, created and existing pursuant to the laws of the State of New York.

8.      That at all times hereinafter mentioned, NYC operated, controlled and maintained a police force known as the New York City Police Department (hereinafter "NYPD") which was the agent of NYC in the area of law enforcement, and NYC had the responsibility and obligation to use reasonable care in hiring, training, and supervising its NYPD employees and assumed the risks incidental to the maintenance of the NYPD and its officers, agents and employees.

9.      That at all times hereinafter mentioned, Defendant DETECTIVE DOMENICO SARTORI (hereinafter "SARTORI") was an NYPD police officer employed by Defendant NYC and was acting within the course and scope of his employment.

10.     That at all times hereinafter mentioned, Defendant POLICE OFFICER EUNHA KIM (hereinafter "KIM") was an NYPD police officer employed by Defendant NYC and was acting within the course and scope of her employment.

11.     That at all times hereinafter mentioned, Defendant POLICE OFFICER TATIANA VIRZI, Shield Number 4737 (hereinafter "VIRZI") was an NYPD police officer employed by Defendant NYC and was acting within the course and scope of her employment.

12.     The names "JOHN DOES 1-5" are fictitious, and are intended to be individuals employed by Defendant NYC and engaged in law enforcement, who were involved in the stop, detention, search, arrest, prosecution, and confinement of Plaintiff, whose names are presently unknown to Plaintiff.

13.     That at all times hereinafter mentioned, Defendants JOHN DOES 1-5 were NYPD police officers employed by Defendant NYC and were acting within the course and scope of their employment.

14.     That at all times hereinafter mentioned, Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5 were acting under color of state law.

15.     That at all times hereinafter mentioned, Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5 acted jointly and in concert with each other.

16.     That at all times hereinafter mentioned, Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5 had a duty and obligation to protect the rights of individual citizens generally, and the rights of Plaintiff in particular, as guaranteed by the United States Constitution, the Constitution of the State of New York, and the laws of the State of New York.

17.     Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5 are sued herein in both their individual and official capacities.

## STATEMENT OF FACTS

18.     The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the

sources thereof are documents prepared in connection with the arrest and / or criminal prosecution of Plaintiff, and public documents and information relating thereto which are presently available to Plaintiff. The aforesaid documentary evidence is presently incomplete, as it does not include numerous documents and exhibits, and therefore the complaint has been prepared without the benefit of full discovery.

19.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 18 with the same force and effect as if fully set forth herein.

### The Arrest of August 30, 2012

20.     On or about August 30, 2012, at approximately 9:00 a.m., Plaintiff was arrested at or near 37-50 Union Street, Queens County, City and State of New York (Arrest No. Q12650037) for an incident that allegedly occurred on August 26, 2012. Plaintiff was not engaged in any illegal activity.

21.     On or about August 30, 2012, Defendant SARTORI and Defendants JOHN DOES 1-5 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without reasonable suspicion, without probable cause, and without any reasonably reliable information that Plaintiff had committed any illegal act. Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any report or information that Plaintiff had committed a crime was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

22.     Plaintiff cooperated with Defendants and did not resist the wrongful arrest.

23.     Subsequent to his arrest, Plaintiff was photographed and fingerprinted.

24.     Plaintiff was transported to Central Booking where he was held until he was arraigned in Criminal Court, Queens County and charged with Attempted Criminal Contempt in

the Second Degree (NYPL § 110/215.50), Attempted Assault in the Third Degree (NYPL § 110/120.00), and Harassment in the Second Degree (NYPL § 240.26).

25.     Defendants wrongly commenced and continued a prosecution against Plaintiff in Criminal Court, Queens County (Docket No. 2012QN046952), and in Supreme Court, Queens County (Case No. 46952F-12) until January 30, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

26.     Plaintiff was required to appear in court on numerous occasions in defense of the aforesaid criminal prosecution.

27.     Plaintiff was obligated to retain and compensate counsel to represent him in connection with the prosecution.

<u>The Arrest of January 2, 2013</u>

28.     On or about January 2, 2013, at approximately 4:20 p.m., Plaintiff was arrested at or near 37-50 Union Street, Queens County, City and State of New York (Arrest No. Q13600310) for an incident that allegedly occurred on December 9, 2012.  Plaintiff was not engaged in any illegal activity.

29.     On or about January 2, 2013, Defendant KIM and Defendants JOHN DOES 1-5 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without reasonable suspicion, without probable cause, and without any reasonably reliable information that Plaintiff had committed any illegal act.  Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any report or

information that Plaintiff had committed a crime was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

30.    Plaintiff cooperated with Defendants and did not resist the wrongful arrest.

31.    Plaintiff was transported to Central Booking where he was held until he was arraigned in Criminal Court, Queens County and charged with Criminal Contempt in the Second Degree (NYPL § 215.50).

32.    Defendants wrongly commenced and continued a prosecution against Plaintiff in Criminal Court, Queens County (Docket No. 2013QN000388) and in Supreme Court, Queens County (Case No. 46952F-12) until January 30, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

33.    Plaintiff was required to appear in court on numerous occasions in defense of the aforesaid criminal prosecution.

34.    Plaintiff was obligated to retain and compensate counsel to represent him in connection with the prosecution.

The Arrest of February 20, 2013

35.    On or about February 20, 2013, at approximately 7:30 a.m., Plaintiff was arrested at or near 37-50 Union Street, Queens County, City and State of New York (Arrest No. Q13610272) for an incident that allegedly occurred on February 9, 2013. Plaintiff was not engaged in any illegal activity.

36.    On or about February 20, 2013, Defendants JOHN DOES 1-5 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without reasonable

suspicion, without probable cause, and without any reasonably reliable information that Plaintiff had committed any illegal act.   Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any report or information that Plaintiff had committed a crime was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

37.     Plaintiff cooperated with Defendants and did not resist the wrongful arrest.

38.     Plaintiff was transported to Central Booking where he was held until he was arraigned in Criminal Court, Queens County, and charged with Aggravated Criminal Contempt (NYPL § 215.52), Criminal Contempt in the Second Degree (NYPL § 215.50), and Assault in the Third Degree (NYPL § 120.00).

39.     Defendants wrongly commenced and continued a prosecution against Plaintiff in Criminal Court, Queens County (Docket No. 2013QN009417) and in Supreme Court, Queens County (Case No. 46952F-12) until January 30, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

40.     Plaintiff was required to appear in court on numerous occasions in defense of the aforesaid criminal prosecution.

41.     Plaintiff was obligated to retain and compensate counsel to represent him in connection with the prosecution.

<u>The Arrest of April 24, 2013</u>

42.     On or about April 24, 2013, at approximately 7:00 a.m., Plaintiff was arrested at or near 37-50 Union Street, Queens County, City and State of New York (Arrest No. Q13624251)

for an incident that allegedly occurred on April 21, 2013.  Plaintiff was not engaged in any illegal activity.

43.     On or about April 24, 2013, Defendant VIRZI and Defendants JOHN DOES 1-5 stopped, detained, searched, handcuffed and arrested Plaintiff without an arrest warrant, without reasonable suspicion, without probable cause, and without any reasonably reliable information that Plaintiff had committed any illegal act.  Any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any report or information that Plaintiff had committed a crime was false and baseless, and that there was no legal justification for the detention or arrest of Plaintiff.

44.     Plaintiff cooperated with Defendants and did not resist the wrongful arrest.

45.     Plaintiff was transported to Central Booking where he was held until he was arraigned in Criminal Court, Queens County, and charged with Attempted Criminal Contempt in the Second Degree (NYPL § 110/215.50).

46.     Defendants wrongly commenced and continued a prosecution against Plaintiff in Criminal Court, Queens County (Docket No. 2013QN0022385) and in Supreme Court, Queens County (Case No. 46952F-12) until January 30, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

47.     The prosecution of Plaintiff continued until January 30, 2015, though any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any crime, that any allegations indicating that Plaintiff had committed any

crime were false and baseless, and that there was no legal justification for the prosecution or continued prosecution of Plaintiff.

48. Plaintiff was required to appear in court on numerous occasions in defense of the aforesaid criminal prosecution.

49. Plaintiff was obligated to retain and compensate counsel to represent him in connection with the prosecution.

<u>The Criminal Prosecution</u>

50. On or about January 30, 2015, all charges pending against Plaintiff under Docket Nos.: 2012QN046952, 2013QN000388, 2013QN009417, and 2013QN022385 were consolidated to a single accusatory instrument (Supreme Court Case No. 46952F-12) charging Plaintiff with three (3) counts of Attempted Criminal Contempt in the Second Degree (NYPL § 110/215.50), two (2) counts of Attempted Assault in the Third Degree (NYPL § 110/120.00), and two (2) counts of Harassment in the Second Degree (NYPL § 240.26).

51. On or about January 30, 2015, after trial before the Honorable Joel L. Blumenfeld, Plaintiff was found to be not guilty of all charges under Supreme Court Case No. 46952F-12.

52. The criminal prosecution of Plaintiff which was instituted and continued without probable cause or legal justification caused Plaintiff to be incarcerated for a combined period in excess of ten (10) days.

53. At all times relevant to this action, the defendants acted intentionally, willfully, knowingly, maliciously, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiff.

54. The actions of the defendants in the arrest, detention and prosecution of Plaintiff were done with malice and deliberate indifference to the rights of Plaintiff, and were the direct

result of the failure of Defendant NYC and the NYPD to properly hire, train, supervise, monitor and discipline its police officers, employees and agents, and the direct result of policies, practices and customs developed, implemented, enforced, encouraged, sanctioned or tolerated by Defendant NYC and the NYPD.

55. As a result of the aforesaid, Plaintiff sustained personal injuries, severe emotional injuries and distress, loss of enjoyment of life, mental anguish, pain and suffering, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, costs, expenses, and financial, economic and professional losses.

56. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## **CAUSES OF ACTION**

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(False Arrest and Imprisonment)

57. Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58. Defendants, acting in concert and within the scope of their employment and authority and under color of state law, stopped, detained, searched, handcuffed and arrested Plaintiff and did cause Plaintiff to be imprisoned, incarcerated, held or detained, without an arrest warrant, without probable cause, without any reasonably reliable information that Plaintiff had committed, was committing, or would commit, any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed and would not commit any illegal act and that any allegations indicating that Plaintiff had committed

any crime were false and baseless, and that there was no legal justification for the stop, detention, search, arrest, imprisonment or incarceration of Plaintiff.

59.     The acts and / or omissions of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's constitutional rights to be free from unreasonable searches and seizures and from any deprivation of liberty without due process of law as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

60.     As a direct and proximate cause of Defendants' deprivation of the rights of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

61.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(Malicious Prosecution)

62.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 61 with the same force and effect as if fully set forth herein.

63.     Defendants, acting in concert and within the scope of their employment and authority, engaged in a deliberate and unjustified course of action to prosecute Plaintiff, and to secure a conviction based upon fabricated evidence, for crimes that Plaintiff did not commit, without probable cause, without any reasonably reliable information that Plaintiff had committed any illegal act, where any reasonable investigation of the relevant facts and circumstances would

have revealed that Plaintiff had not committed any illegal act, and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution of Plaintiff, in violation of Plaintiff's rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as secured by the United States Constitution and the laws of the State of New York.

64.     The acts of Defendants were the direct and proximate cause of the injuries and losses sustained by Plaintiff, and were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and to due process of law as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

65.     As a direct and proximate cause of Defendants' deprivation of the rights of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

66.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth
Amendments of the United States Constitution
(Abuse of Process)

67.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 66 with the same force and effect as if fully set forth herein.

68.     Defendants, acting in concert and within the scope of their employment and authority and under color of state law, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the

process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

69.     The aforesaid acts of Defendants were the direct and proximate cause of injury and damages sustained by Plaintiff, and were in violation of Plaintiff's rights to be free from unreasonable searches and seizures and to due process of law as secured by the Fourth and Fourteenth Amendments of the United States Constitution.

70.     As a direct and proximate cause of Defendants' deprivation of the rights of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

71.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Violation of Rights Secured by 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth
Amendments of the United States Constitution
(Failure to Intervene)

72.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 71 with the same force and effect as if fully set forth herein.

73.     Defendants, acting within the scope of their employment and authority and under color of state law, had an affirmative duty to intervene on behalf of Plaintiff whose Fourth, Fifth and Fourteenth Amendment rights not to be subjected to unreasonable searches and seizures, and

to due process of law, were violated by Defendants in the presence of said police officers, agents, servants, licensees and / or employees, all of whom had a duty to intervene to prevent the violation of the rights of Plaintiff.

74.     Defendants each had an affirmative duty to intervene on behalf of Plaintiff whose rights were being violated in their presence by other police officers, agents, servants, licensees and / or employees, but failed to intervene to prevent the unlawful conduct, despite having a realistic opportunity to do so.

75.     Defendant NYC is liable for the violation of Plaintiff's rights because Defendant NYC, by and through its police officers, agents, servants, licensees and /or employees knew or should have known that inaction on its part could lead to harm to Plaintiff and failed to intervene and / or stop the aforementioned violations of Plaintiff's rights.

76.     As a direct and proximate cause of Defendants' deprivation of the rights of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

77.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT NYC

Violation of Rights Secured by Section 42 U.S.C. § 1983 and the Fourth and Fourteenth
Amendments of the United States Constitution
(Municipal Liability "Monell" Claim)

78.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in
the preceding paragraphs 1 through 77 with the same force and effect as if fully set forth herein.

79.     Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5, each individually and
collectively, within the scope of their employment and authority and under color of state law,
engaged in conduct which constituted customs, policies, procedures, rules or usages of the NYPD
and the specific NYPD precinct(s) to which they were assigned and which were in violation of the
rights of individuals as secured by the Constitution of the United States.

80.     The aforesaid customs, policies, procedures, rules or usages of the NYPD and the
specific NYPD precinct(s) included but were not limited to, stopping, detaining, searching,
arresting, imprisoning or incarcerating the arrestee, without legal justification or probable cause,
and not intervening when other officers violated an individual's civil and constitutional rights.

81.     The aforesaid conduct was consistent with the institutionalized practices of the
NYPD which was known and sanctioned by Defendant NYC.

82.     Despite knowledge of the institutionalized practices of the NYPD, Defendant NYC
took no effective actions to end or prevent such practices.

83.     Defendant NYC had prior notice of the propensity of Defendants SARTORI, KIM,
VIRZI, and JOHN DOES 1-5 for unlawfully stopping, detaining, searching, arresting, imprisoning
or incarcerating arrestees, and abusing their authority, but took no steps to end or prevent them
from doing so.

84.     Defendant NYC had prior notice that Defendants SARTORI, KIM, VIRZI, and
JOHN DOES 1-5 had inadequate training regarding the applicable provisions of the Penal Law of

the State of New York, other applicable laws, and federal and state statutory and constitutional protections, but took no steps to ensure that they were provided with adequate appropriate training.

85.     Defendant NYC authorized, tolerated and ratified the misconduct of its police officers generally, and Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5, specifically, by failing to discipline police officers, failing to take adequate precautions in hiring, educating, training, promoting and retaining police officers, failing to turn over evidence of unlawful and criminal acts to prosecutors, failing to establish and maintain a meaningful system for responding to complaints of police misconduct, which constituted deliberate indifference by NYC to the rights secured by the United States Constitution, and indifference to physical safety and well-being.

86.     As a direct and proximate cause of Defendants' deprivation of the rights of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

87.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

STATE LAW CLAIMS

88.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 87 with the same force and effect as if fully set forth herein.

89.     Within ninety (90) days after Plaintiff's claims arose, on April 10, 2015, Plaintiff filed a Notice of Claim upon Defendant NYC by delivering a copy of such Notice of Claim to the person designated by law upon whom such service is to be made.

90.      The Notice of Claim was in writing, sworn to by the Plaintiff, and contained all facts and information required pursuant to New York General Municipal Law Section 50-e including the name and address of the Plaintiff and his attorneys, the nature of Plaintiff's claims, the time and place, and manner by which any the claims arose, and the injuries and damages sustained by Plaintiff.

91.      The City of New York has failed to adjust or pay Plaintiff's claims.

92.      This action was commenced within one year after the claims accrued.

93.      Plaintiff has complied with all conditions precedent to maintaining this action.

94.      All state causes of action pleaded herein fall within one or more of the exceptions set forth in New York Civil Practice Law & Rules Section 1602 with respect to joint and several liability.

<u>SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS</u>
Violation of Rights Secured by Article I, Sections 6 and 12 of the New York State Constitution
Law of the State of New York
(Malicious Prosecution)

95.      Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 94 with the same force and effect as if fully set forth herein.

96.      Defendants, acting in concert and within the scope of their employment and authority, engaged in a deliberate and unjustified course of action to prosecute Plaintiff, and to secure a conviction based upon fabricated evidence, for crimes that Plaintiff did not commit, without probable cause, without any reasonably reliable information that Plaintiff had committed any illegal act, where any reasonable investigation of the relevant facts and circumstances would have revealed that Plaintiff had not committed any illegal act, and that any allegations indicating that Plaintiff had committed any crime were false and baseless, and that there was no legal justification for the prosecution of Plaintiff, in violation of Plaintiff's rights to be free from

unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as secured by the Constitution and laws of the State of New York.

97.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

98.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

99.     Defendant NYC is liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

<u>SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS</u>
Violation of Rights Secured by Article I, Sections 6 and 12 of the New York State Constitution
Law of the State of New York
(Abuse of Process)

100.    Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 99 with the same force and effect as if fully set forth herein.

101.    Defendants, acting in concert and within the scope of their employment and authority, employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts, with the purpose of activating the process with intent to harm Plaintiff without economic or social excuse or justification, to obtain a collateral advantage or corresponding detriment to Plaintiff which was outside the legitimate purpose of the process. Defendants' collateral objectives included the concealment of Defendants' own criminal acts in knowingly arresting Plaintiff without legal basis, justification or probable cause.

102.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

103.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

104.     Defendant NYC is liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligent / Intentional Infliction of Emotional Distress)

105.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 104 with the same force and effect as if fully set forth herein.

106.     Defendants, acting in concert and within the scope of their employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, and was intended, and reasonably expected to cause severe emotional distress to Plaintiff, and did in fact cause Plaintiff extreme emotional distress.

107.     Defendants, acting in concert and within the scope of their employment and authority, engaged in conduct that was extreme, outrageous, shocking, and offensive and which exceeded all standards of reasonable behavior, carelessly, negligently, and with disregard for the mental health, and the psychological and emotional well-being of Plaintiff, which did in fact cause Plaintiff extreme emotional distress.

108.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

109.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

110.     Defendant NYC is also liable for damages sustained by Plaintiff as a result of its officers, agents or employees under the doctrine of *respondeat superior*.

NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
Law of the State of New York
(Negligence / Gross Negligence)

111.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 110 with the same force and effect as if fully set forth herein.

112.     Defendants, acting in concert and within the scope of their employment and authority, failed to exercise reasonable care in the performance of their duties, failed to adequately evaluate the relevant facts and circumstances, failed to take adequate precautions for the safety and well-being of Plaintiff, acted with utter disregard for the safety and well-being of Plaintiff, and were otherwise negligent and grossly negligent, which negligence and gross negligence was the proximate cause of injuries and damages sustained by Plaintiff without any negligence on the part of Plaintiff contributing thereto.

113.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further

pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

114.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

115.     Defendant NYC is liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

<u>TENTH CLAIM FOR RELIEF AGAINST NYC</u>
Law of the State of New York
(Negligent Screening, Hiring, Supervision and Retention)

116.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 115 with the same force and effect as if fully set forth herein.

117.     Defendant NYC failed to use reasonable care in screening, hiring, supervising, and retaining NYPD employees generally, and Defendant SARTORI, KIM, VIRZI, and JOHN DOES 1-5, specifically, as well as any and all other officers, employees, or agents of Defendant NYC that were involved in the stop, detention, search, handcuffing, arrest, and / or prosecution of Plaintiff.

118.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

119.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

120.     Defendant NYC is liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

## ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT NYC
Law of the State of New York
(Negligent Training)

121.     Plaintiff repeats, re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs 1 through 120 with the same force and effect as if fully set forth herein.

122.     Defendant NYC failed to use reasonable care in training, educating and informing NYPD employees generally, and Defendants SARTORI, KIM, VIRZI, and JOHN DOES 1-5, specifically, as well as any and all other officers, employees, or agents of Defendant NYC that were involved in the stop, detention, search, handcuffing, arrest, and/or prosecution of Plaintiff.

123.     As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

124.     The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

125.     Defendant NYC is liable for damages sustained by Plaintiff as a result of the aforesaid acts of its officers, agents or employees under the doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

a.  Compensatory damages in an amount to be determined at trial;

b.  Punitive damages in an amount to be determined at trial;

c.  Attorney's fees pursuant to 42 U.S.C. § 1988;

d.  Plaintiff's costs;

e.  Pre-judgment and post-judgment interest; and

f.  Such other and further relief as the Court deems just and proper.


Respectfully submitted,

ATESHOGLOU & AIELLO, P.C.
*Attorneys for Plaintiff*

By: _____

Steven D. Ateshoglou (SA 4934)
11 Park Place, Suite 1715
New York, New York 10007
(212) 545-1740
sateshoglou@atesh.com